CALLAHAM v. MARSHALL, U. S. Com'r for Juneau Precinct.

SAME v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1914.)

Nos. 2305, 2308.

1. OFFICERS (§ 30*)—UNITED STATES COMMISSIONER—POLL TAX COLLECTOR.
    Alaska Poll Tax Act May 1, 1913 (Laws 1913, c. 54), provided for the collection of such taxes by the United States Commissioner of the particular precinct, who is given a commission for his services and required, before entering on the performance of such duties, to execute a bond to the territory, conditioned that he shall faithfully discharge the duties of his office, etc. *Held*, that the position so created makes the collector an officer of the territory within Act Cong. Aug. 24, 1912, c. 387, 37 Stat. 512, creating a legislative assembly in the territory of Alaska and conferring legislative power thereon, but providing that no person, holding a commission

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or appointment under the United States, shall hold any office under the government of the territory.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 37–43; Dec. Dig. § 30.*

For other definitions, see Words and Phrases, vol. 6, pp. 4933–4951; vol. 8, p. 7737.]

2. TAXATION (§ 106*)—POLL TAXES—STATUTES—CONSTRUCTION.

Alaska Territorial Act May 1, 1913 (Laws 1913, c. 54), providing for the imposition and collection of poll taxes, provides that each precinct commissioner, on or before March 1st in each year, shall set down on blanks received from the territorial treasurer the names of the person residing in his precinct subject to the tax, and section 3 declares that the tax shall be paid between the first Monday in April and the first Monday in August in each year. Section 8 declares that the territorial treasurer, before the first Monday in March of each year, shall deliver to such commissioners blank poll tax receipts, the form of which shall be prescribed by him and approved by the Governor. *Held* that, since there was no territorial treasurer in Alaska prior to July 1, 1913, the act did not impose or provide for the collection of poll taxes for that year.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 204; Dec. Dig. § 106.*]

Appeal from and Error to the District Court of the United States for the District of Alaska, Division No. 1; Fred M. Brown, Judge.

Suit by Arthur B. Callaham, for himself and certain others, against John B. Marshall, as United States Commissioner for Juneau Precinct, Territory of Alaska, and ex officio Collector of Poll Tax, to demand the collection of a poll tax assessed against complainant and others for 1913. From a judgment dismissing the complaint, plaintiff appeals, and brings error from a judgment convicting and sentencing him to pay a fine for willfully and feloniously refusing to pay the tax. Reversed, with directions on both the appeal and writ of error.

Lewis P. Shackleford, Z. R. Cheney, and W. S. Bayless, all of Juneau, Alaska, for plaintiff in error and appellant.

Arthur B. Callaham, of Juneau, Alaska, in pro. per.

J. H. Cobb, of Juneau, Alaska, for defendant in error and appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. These cases have been argued and submitted together and depend upon the question whether or not the appellant and plaintiff in error was liable to pay a poll tax for the year 1913 under and by virtue of an act of the Legislature of Alaska, passed, approved, and effective May 1, 1913 (chapter 54 of the Laws of 1913). That legislative body was created by act of Congress of August 24, 1912, c. 387, 37 St. Lg. 512, entitled "An act to create a legislative assembly in the territory of Alaska, to confer legislative power thereon, and for other purposes," the third section of which is as follows:

"Sec. 3. Constitution and Laws of United States Extended.—That the Constitution of the United States, and all the laws thereof which are not locally inapplicable, shall have the same force and effect within the said territory as elsewhere in the United States; that all the laws of the United States heretofore passed establishing the executive and judicial departments in Alaska

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shall continue in full force and effect until amended or repealed by act of Congress; that except as herein provided all laws now in force in Alaska shall continue in full force and effect until altered, amended, or repealed by Congress or by the Legislature: Provided, that the authority herein granted to the Legislature to alter, amend, modify, and repeal laws in force in Alaska shall not extend to the customs, internal revenue, postal, or other general laws of the United States or to the game, fish, and fur seal laws and laws relating to fur-bearing animals of the United States applicable to Alaska, or to the laws of the United States providing for taxes on business and trade, or to the act entitled 'An act to provide for the construction and maintenance of roads, the establishment and maintenance of schools, and the care and support of insane persons in the district of Alaska, and for other purposes,' approved January twenty-seventh, nineteen hundred and five, and the several acts amendatory thereof: Provided, further, that this provision shall not operate to prevent the Legislature from imposing other and additional taxes or licenses. And the Legislature shall pass no law depriving the judges and officers of the district court of Alaska of any authority, jurisdiction, or function exercised by like judges or officers of district courts of the United States."

This act of Congress provided that the legislative power and authority of the territory shall be vested in a Legislature, which shall consist of a Senate and a House of Representatives, provided for the membership of each House, prescribed various limitations and restrictions upon the legislative power, etc., and by section 11 provided as follows:

"Sec. 11. Legislator Shall Not Hold Other Office.—That no member of the Legislature shall hold or be appointed to any office which has been created, or the salary or emoluments of which have been increased, while he was a member, during the term for which he was elected and for one year after the expiration of such term; and no person holding a commission or appointment under the United States shall be a member of the Legislature or shall hold any office under the government of said territory."

The act of the legislative assembly bearing upon the present case is as follows:

"Be it enacted by the Legislature of the territory of Alaska:

"Section 1. That there is hereby made, imposed and levied upon each male person, except soldiers, sailors in the United States navy or revenue cutter service, volunteer firemen, paupers, insane persons, or territorial charges, within the territory of Alaska or the waters thereof, over the age of twenty-one years, and under the age of fifty years, an annual tax in the sum of four dollars to be paid and collected in the manner provided in the following sections of this act.

"Sec. 2. That the commissioner of each precinct in the territory of Alaska, shall, on or before the first day of March in each year, set down upon such blanks as the treasurer of the territory of Alaska may prescribe, the names of all persons residing within his precinct subject to the tax herein provided for.; one of such blanks shall be transmitted by the commissioner to the treasurer of the territory and the other shall be retained by him. At the time of transmitting one copy of said duplicate list of names of the persons subject to the tax herein provided for within his precinct, the commissioner shall cause to be published in at least one newspaper of general circulation published within his precinct or if there be no newspaper then by posting in five public places within his precinct a notice setting forth that the poll tax provided for in this act is due and payable between certain dates and that the payment thereof will become delinquent as provided in this act, and warning all persons to pay the same, and that in case of failure to pay the same, penalties, as herein provided for, will be imposed and it shall be the duty of every person liable to pay such tax, to pay the same to the commissioner within the time in which such notice specifies.

"Sec. 3. The tax herein provided for shall be paid between the first Monday in the month of April and the first Monday in the month of August in each year.

"Sec. 4. It shall be the duty of the commissioner to receipt to each person upon payment of the poll tax herein provided for and the receipt so delivered shall be the only evidence of payment.

"Sec. 5. Every person indebted to one who neglects or refuses, after demand, to pay a poll tax becomes liable therefor and must pay the same for such other person after service upon him by the commissioner of a notice in writing stating the name of such person.

"Sec. 6. Every person paying the poll tax of another may deduct the same from any indebtedness to such other person. The commissioner must demand payment of poll tax from every person liable therefor and on the neglect or refusal of such person to pay the same, he must collect by seizure and sale of any personal property owned by such person, and any property thus seized shall be sold as provided by law for the sale of personal property on execution except that three days' notice of the time and place of the sale shall be sufficient.

"Sec. 7. It shall be the duty of the commissioner to collect and enforce the collection of all unpaid taxes by giving notice in writing to such delinquent, personally or by mail, and such delinquent shall pay a penalty of one dollar in addition to such tax.

"Sec. 8. The territorial treasurer must, before the first Monday in March in each year, deliver to each commissioner in the territory of Alaska blank poll tax receipts, in book form with stubs numbered the same as the receipts, of one hundred in each book a sufficient number for each commissioner. The form of such receipts and stubs shall be prescribed by the territorial treasurer and shall be approved by the Governor of the territory.

"Sec. 9. The commissioner shall, before entering upon the performance of his duties as herein prescribed, execute a bond to the territory of Alaska in the sum to be fixed by the territorial treasurer which shall not be less than double the amount which will probably come into his hands under this act during any one year. Said bond shall be executed with two or more sureties and the same shall be approved by the territorial treasurer; said bond shall be conditioned for the faithful discharge of the duties of his office and the said bond shall be filed in the office of the territorial treasurer.

"Sec. 10. The commissioner shall keep an accurate account of all moneys received by him under the provisions of this act, and he shall, not later than the first day in September in each year, transmit the same to the territorial treasurer. Such statement shall be verified by the affidavit of the commissioner to the effect that the same is in all respects a full and true statement of all moneys received by him under the provisions of this act; and after the first day of September in each year, the commissioner shall, at least once in three months, file an additional statement setting forth any taxes and penalties collected by him under the provisions of this act during such period of three months, and shall transmit such moneys to the territorial treasurer; such supplemental statement shall be made and verified, as herein provided for the first statement. The commissioner, for services rendered under the provisions of this act, shall receive as full compensation fifteen per centum of all taxes collected, except those collected by action, civil or criminal, and twenty per centum of all delinquent taxes and penalties.

"Sec. 11. The territorial treasurer shall make and prescribe all rules and regulation to carry into effect the provisions of this act.

"Sec. 12. Any person who shall violate any of the provisions of this act shall be guilty of a misdemeanor and upon conviction thereof shall be fined in a sum of not more than one hundred dollars nor less than five dollars, or imprisoned in the federal jail for not more than thirty days nor less than one day.

"Sec. 13. This bill shall take effect from and after its passage."

Demand having been made upon Callaham, by the United States commissioner for Juneau precinct of the territory by virtue of the said

act of the legislative assembly, for a poll tax of $4 for the year 1913, Callaham commenced the suit numbered 2305 to enjoin the alleged threatened acts of the defendant to the suit, which suit was dismissed by the court below; a demurrer to the amended complaint having been sustained. The present appeal comes from that judgment. And the said commissioner, having filed a complaint in the court below against Callaham, charging him with the commission of a misdemeanor in having "willfully and feloniously refused to pay said poll tax," and that court having overruled the defendant's demurrer to the complaint, and the defendant thereto having elected to stand upon his demurrer, the court adjudged him guilty of the offense charged and sentenced him to pay a fine of $5 and the costs of the action, to reverse which judgment the defendant sued out the writ of error that is here.

The two points urged on behalf of the appellant and plaintiff in error are: First, that the designation of the United States commissioner as poll tax collector was in violation of the act of Congress creating the legislative assembly of the territory; and, second, that the act of the legislative assembly upon the subject shows upon its face that there could have been no valid poll tax collected in the territory for the year 1913. We are of the opinion that both points are well taken. The act of Congress creating the legislative assembly expressly declared that:

"No person holding a commission or appointment under the United States shall be a member of the Legislature or shall hold any office under the government of said territory."

[1] The record shows that, at the time of the act of the territory here in question, the appellee and defendant in error, Marshall, held an appointment under the United States, for he was one of its court commissioners duly appointed by one of its courts, and engaged in the performance of his duties thereunder. Manifestly, therefore, he was ineligible to any office under the government of the territory. It is contended on behalf of the latter that the collector of its poll taxes is not an officer. It would seem a sufficient answer to the contention to say that the Legislature of the territory by the act above quoted in effect created the office of tax collector by prescribing the duties of such collector and providing that, before entering upon the performance of such duties, he shall "execute a bond to the territory of Alaska in the sum to be fixed by the territorial treasurer, which shall not be less than double the amount which will probably come into his hands under this act during any one year," which bond is by the statute required to be executed with two or more sureties, to be approved by the territorial treasurer, and which bond it is declared "shall be conditioned for the faithful discharge of the duties of his office, and the said bond shall be filed in the office of the territorial treasurer." That the position thus provided for is an office and the incumbent of such an office is an officer of the territory we regard as very plain. His duties are prescribed by the lawmaking power; they are public duties; he acts for the territory and therefore as its agent, for which he is by the statute allowed a certain prescribed percentage of the taxes thereby and thereunder collected as emoluments of the position. That the union of these things made of the position a public office and of the in-

cumbent of it a public officer is clearly shown in 29 Cyc. pp. 1361–1363, where is collected a large number of authorities.

[2] We are further of the opinion that the act of the territory in question, which, as has been said, was approved and went into effect May 1, 1913, shows upon its face that no poll tax could be collected thereunder for the year 1913. The act of Congress creating the legislative assembly provided that its first meeting should be held on the first Monday of March, 1913, which was March 3d of that year. The act of the legislative assembly in providing the method of the collection of the tax imposed by section 1 declared in section 2:

"That the commissioner of each precinct in the territory of Alaska, shall, on or before the first day of March in each year, set down upon such blanks as the treasurer of the territory of Alaska may prescribe, the names of all persons residing within his precinct subject to the tax herein provided for; one of such blanks shall be transmitted by the commissioner to the treasurer of the territory and the other shall be retained by him. At the time of transmitting one copy of said duplicate list of names of the persons subject to the tax herein provided for within his precinct, the commissioner shall cause to be published in at least one newspaper of general circulation published within his precinct or if there be no newspaper then by posting in five public places within his precinct a notice setting forth that the poll tax provided for in this act is due and payable between certain dates and that the payment thereof will become delinquent as provided in this act, and warning all persons to pay the same, and that in case of failure to pay the same, penalties, as herein provided for, will be imposed and it shall be the duty of every person liable to pay such tax, to pay the same to the commissioner within the time in which such notice specifies."

And section 3 of the act of May 1, 1913, is as follows:

"The tax herein provided for shall be paid between the first Monday in the month of April and the first Monday in the month of August in each year."

By section 8 it is declared:

"The territorial treasurer must, before the first Monday in March in each year, deliver to each commissioner in the territory of Alaska blank poll tax receipts, in book form with stubs numbered the same as the receipts, of one hundred in each book a sufficient number for each commissioner. The form of such receipts and stubs shall be prescribed by the territorial treasurer and shall be approved by the Governor of the territory."

The allegations of the bill in the injunction case, not denied, show that there was no territorial treasurer in Alaska until July 3, 1913.

It thus appears that the act of May 1, 1913, required the making of a roll in each precinct of the territory of all persons subject to the tax imposed by section 1 thereof, prior to the 1st day of March of each year, which of course could not be done in the year 1913, and providing, as the act did in section 3 thereof, for the payment of the tax therein provided for between the first Monday in April and the first Monday in August of each year, it is quite manifest that it could not have been the intent of the act that the provisions contained in it respecting poll taxes should apply to the year 1913.

It results from what has been said that the judgment in case 2308 must be and hereby is reversed, with directions to the court below to sustain the demurrer to the complaint, and that the judgment in case 2305 be and hereby is reversed, with directions to the court below to overrule the demurrer to the bill.